UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-01647-CMS |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are the Motions to Dismiss of Defendants Philip Vincent Vonderheydt, Benjamin Bayless, Timothy Bockskopf, Stephen Hardesty, Walter Allen, James Bond, Brian Jones, Dorian Pipes, Corey Stayton, and Tyler Treis (Docs. 23, 37, 43, and 56), and Plaintiff Christopher Williams' Motion for Default Judgment Against Defendant Tajon Bastain (Doc. 90).

**BACKGROUND**

**I. Factual Background**

The following allegations from Plaintiff's Complaint (Doc. 1) are accepted as true for purposes of this Order. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025).

On April 19, 2023, Plaintiff Christopher Williams peacefully held a political sign on the grounds of the St. Louis Civil Courts Building for two minutes. (Doc. 1 ¶¶ 35, 39). Defendant Deputy Sherriff Donald Hawkins approached Plaintiff and asked what the sign meant. *Id.* ¶ 40. Plaintiff responded "by asking [Defendant Hawkins] what part he did not understand." *Id.* Defendant Hawkins then told Plaintiff to "get off [his] steps." *Id.* ¶ 41. Plaintiff recorded the interaction on his cell phone. *Id.* "[N]umerous deputy sheriffs," including Defendant Deputies Walter Allen, Tajon Bastain, Brian Jones, Haji-Khalil Ahmad Abdul-Mu'min, Tyler Treis, and

James Bond, then "circled around" Plaintiff. "Some Individual Defendants" told Plaintiff he could not protest there. *Id.* ¶¶ 42–43. Defendant Abdul-Mu'min "started to grab at and attempt to take items out of [Plaintiff]'s pockets." *Id.* ¶ 47. "[T]he group of deputies closed in on" Plaintiff, and Defendant Hawkins told Plaintiff, "you're not going to record me," and subsequently punched and grabbed Plaintiff. *Id.* ¶¶ 48, 49. Thereafter, "a group of Individual Defendants" pulled Plaintiff to the ground, and "[a]pproximately five or six deputies" piled on. *Id.* ¶¶ 50–51. Defendant Hawkins then "kneed [Plaintiff] in the back," causing Plaintiff pain due to a disability, of which Plaintiff informed the Defendant Deputies. *Id.* ¶ 54–55. Defendant Hawkins "picked up [Plaintiff]'s cell phone . . . and started tapping on the screen" before "the deputies" handcuffed Plaintiff, escorted him to the building, searched him, and locked him in a holding cell. *Id.* ¶¶ 57–58. While Plaintiff remained in the holding cell, "Individual Defendants dissembled [sic] [Plaintiff's] property and cameras, including taking out the SIM memory cards." *Id.* ¶ 61. Plaintiff asked "the deputies" for medical attention, which was denied by "[o]ne deputy." *Id.* ¶ 59. Plaintiff generally alleges, "All of the deputy sheriffs named in this suit were involved at some point in retaliating against [Plaintiff] and/or depriving [Plaintiff] of his constitutional rights." *Id.* ¶ 62.

Defendant Police Officers Philip Vincent Vonderheydt, Stephen Hardesty, Timothy Bockskopf, Benjamin Bayless, and Corey Stayton arrived to investigate. *Id.* ¶¶ 64–65. During the investigation, Defendants Hawkins and Abdul-Mu'min told Defendant Vonderheydt "falsehoods about the incident" and, after watching surveillance video, Defendant Vonderheydt observed that Plaintiff could not be charged with assault. *Id.* ¶¶ 68, 72. Defendant Vonderheydt's incident report states he "did not see [Plaintiff] make any sudden movements towards his pockets . . . [or] attempt to punch any of the deputies during the incident." *Id.* ¶ 73. "All of the deputies, including Deputy Mu'min," denied any knowledge of the missing SIM memory cards from Plaintiff's cameras. *Id.*

¶ 78. Defendant Vonderheydt informed Plaintiff he was "under arrest for trespassing and general peace disturbance." *Id.* ¶ 81. Plaintiff generally alleges that "[a]ll of the police officers named in this suit were involved at some point in retaliating against [Plaintiff] and/or depriving [Plaintiff] of his constitutional rights." *Id.* ¶ 79. Plaintiff also alleges that the incident reports of Defendants Hawkins, Abdul-Mu'min, Bush, and Bastain contain numerous falsehoods about the incident. *Id.* ¶¶ 87–90.

Defendants ultimately arranged for Plaintiff to be transferred to a hospital via ambulance, where he was given "pain medicine for his back and . . . an X-Ray." *Id.* ¶ 84.

Finally, Plaintiff claims that the Municipal Prosecutor for the City of St. Louis asked Plaintiff to sign a release of rights form, which Plaintiff refused to sign. *Id.* ¶¶ 93–95. Immediately after Plaintiff refused to waive his rights, the unnamed prosecutor dismissed the case in Plaintiff's favor. *Id.* ¶ 95.

In the individual counts of the Complaint, Plaintiff does not further specify the actionable conduct of any particular Defendant. Instead, each count refers only generically to "Individual Defendants" or "some Individual Defendants," without elaboration. *See, e.g.*, *id.* ¶¶ 97, 98, 100–03, 105, 107–09, 111, 113–15, 117–22, 124, 126–28, 130, 132–34, 137–39, 142–47, 149–53, 155–59, 161, 162, 164–66, 168, 170–74, 176–78, 183–85.

## II. Procedural Background

On December 5, 2024, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 for Violation of Civil Rights Protected by the First, Fourth, and Fourteenth Amendments to the United States Constitution. (Doc. 1). The Complaint brings eight counts against 14 defendants and one count under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), against Defendant City of St. Louis.

On February 18, 2025, Defendants Vonderheydt, Bayless, Bockskopf, and Hardesty filed a Motion to Dismiss Counts 1–8 for failure to state a claim against the Defendant officers under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). (Docs. 23–24). On March 10, 2025, Defendants Allen, Jones, Bond, and Pipes filed a Motion to Dismiss Counts 1–8 for failure to state a claim against the Defendant sheriff's deputies. (Docs. 37–38). Also on March 10, 2025, Defendants Hawkins and Abdul-Mu'min filed their respective Answers and Affirmative Defenses to the Complaint. (Docs. 40–41). On March 14, 2025, Defendant Stayton filed a Consent Motion for Leave to File Out of Time, which Judge Sarah Pitlyk granted, and a Motion to Dismiss for failure to state a claim. (Docs. 43, 45). On May 6, 2026, Defendant Treis filed a Motion to Dismiss Counts 1–8 for failure to state a claim. (Docs. 56–57).

On March 10, 2026, Plaintiff filed his Omnibus Memorandum in Opposition to Defendants' Motions to Dismiss. (Doc. 79). Therein, Plaintiff states his intention to dismiss without prejudice Defendants Mayes, Bockskopf, Hardesty, Pipes, and Stayton. (Doc. 79 at 2). Plaintiff also concedes that Defendants Vonderheydt and Bayless are not liable in various counts.[1] (Doc. 79 at 2–3). Plaintiff asks this Court to deny in part and grant in part Defendants Allen, Bond, Jones, and Pipes' Motion to Dismiss, deny Defendant Treis's Motion to Dismiss, grant Defendant Stayton's Motion to Dismiss, and deny in part and grant in part Defendants Vonderheydt, Bayless, Bockskopf, and Hardesty's Motion to Dismiss. (Doc. 79 at 3).

On April 12, 2026, Defendants Allen, Bond, Jones, Pipes, and Treis filed their Reply in Support of Motion to Dismiss, alleging Plaintiff failed to allege specific facts establishing their personal involvement in the incident. (Doc. 83 at 1). On June 3, 2026, the Clerk of Court granted

[1] Plaintiff concedes that Defendant Vonderheydt is not liable in Counts 5–6 and Defendant Bayless is not liable in Counts 1, 2, and 4–8 of the Complaint.

Plaintiff's Motion for Entry of Clerk's Default Against Defendant Bastain pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 89). On June 10, 2026, Plaintiff filed his Motion for Default Judgment Against Defendant Bastain pursuant to Rule 55(b). (Doc. 90).

## LEGAL STANDARDS

### I. Motion to Dismiss

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief . . . to give the defendant fair notice of . . . the claim . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted); FED. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted), and "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 555). The issue is not whether the plaintiff will prevail, but whether he is "entitled to present evidence in support of his claim." *Id.*

When analyzing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Brokken*, 140 F.4th at 450. That said, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (internal citations omitted). The Court's analysis is context specific and "requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## II. Motion for Default Judgment

Federal Rule of Civil Procedure 55(a) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Then, pursuant to Federal Rule of Civil Procedure 55(b)(2), a district court may, but is not required to, enter a default judgment against a properly served defendant who fails to defend or otherwise appear. FED. R. CIV. P. 55(b)(2); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray*, 595 F.3d at 871 (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2688 at 63 (3d ed. 1998)).

## DISCUSSION

## I. Shotgun Pleadings

In their Motions to Dismiss, Defendants argue Plaintiff's Complaint is what is colloquially referred to as a "shotgun pleading."[2] (Docs. 23, 37, and 56). As relevant here, shotgun pleading is one in which the "plaintiff brings every conceivable claim against every conceivable defendant, resulting in a cause of action so general that it fails to put the various defendants on notice of the allegations against them." *Chole v. Bos. Sci. Corp.*, No. 4:19-cv-03976-JAR, 2020 WL 1853266, at *2 (E.D. Mo. Apr. 13, 2020). Shotgun pleadings, therefore, fail to provide notice of the grounds on which a claim rests and lack sufficient detail to be plausible on their face. *See, e.g.*, *Twombly*,

[2] In their Reply in Support of Motion to Dismiss (Doc. 83), Defendants Allen, Jones, Bond, and Pipes also raise qualified immunity, but the Court need not consider qualified immunity because it dismisses the Complaint against these Defendants for Plaintiff's failure to state a claim.

550 U.S. at 544. Federal constitutional tort liability "is personal, so each defendant's conduct must be independently assessed," and "Section 1983 does not sanction tort by association." *Heartland Acad. Cmty. Church v. Waddle*, 595 F.3d 798, 805–06 (8th Cir. 2010) (internal citations and quotations omitted); *see also Crew v. Minor*, No. 2:18-cv-27-CAS, 2018 WL 4922218, at *8 (E.D. Mo. Oct. 10, 2018) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.") (internal quotations omitted).

Plaintiff's Complaint is a shotgun pleading. Plaintiff names various individual defendants, but only as part of an amorphous group of law enforcement officers or officials, and generally fails to specify which defendant engaged in any particular deprivation of rights. The closest Plaintiff comes to identifying Defendants is in paragraph 42 of the Complaint, where he refers to Defendants Walter, Bastain, Jones, Abdul-Mu'min, Treis, and Bond as part of an otherwise unidentified group of "numerous deputy sheriffs." (Doc. 1 ¶ 42). From there, the factual allegations of the Complaint devolve into general references to "Individual Defendants" or even "*some* Individual Defendants," with only isolated references to any Defendant by name. *See, e.g.*, *id.* ¶¶ 37, 43, 51, 52, 61, 62, 79 (emphasis added). For instance, paragraph 37 of the Complaint alleges that "some Individual Defendants later conspired together to steal the SIM memory card out of the hat camera[.]" *Id.* ¶ 37. Likewise, paragraph 43 alleges, "Some Individual Defendants told [Plaintiff] to leave, saying he could not 'protest' at that area of the property." *Id.* ¶ 43.

Worse, each substantive count of the Complaint refers exclusively to "Individual Defendants" or "some Individual Defendants.". *See, e.g.*, *id.* ¶¶ 97, 98, 100–03, 105, 107–09, 111, 113–15, 117–22, 124, 126–28, 130, 132–34, 137–39, 142–47, 149–53, 155–59, 161, 162, 164–66, 168, 170–74, 176–78, 183–85. For example, paragraph 110 of the Complaint alleges, "Because

they knew they did not have reasonable suspicion or probable cause to arrest or charge [Plaintiff] for any crime, some Individual Defendants resorted to telling falsehoods . . . ." *Id.* ¶ 110. Similarly, in paragraph 176, Plaintiff alleges, "Individual Defendants instigated ordinance violation cases . . . against [Plaintiff], with some Individual Defendants serving as the complaining witnesses identified in the charging information and some Individual Defendants assisting with or documenting the arrest." *Id.* ¶ 176.

Plaintiff's causes of action are so general that they fail to put Defendants on notice of the allegations against them. *Chole*, 2020 WL 1853266, at *2. Plaintiff's Complaint fails to provide notice of the grounds on which any of its numerous claims rest and lacks sufficient detail to be plausible on its face. *Twombly*, 550 U.S. at 544. Accordingly, the Court will dismiss the moving Defendants.[3]

**II. Legal Conclusions**

Additionally, most of Plaintiff's claims are subject to dismissal because they consist of mere legal conclusions and otherwise fail to plead necessary elements. *See, e.g.*, *Jones*, 104 F.4th at 1046 (internal citations omitted); *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Twombly*, 550 U.S. at 555) ("Courts should dismiss complaints based on "labels and conclusions, and a formulaic recitation of the elements of a cause of action."). Courts need not accept as true "legal conclusion[s] couched as . . . factual allegations" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**A. Count 1**

[3] The Court has similar concerns regarding Plaintiff's allegations against Defendants Hawkins and Abdul-Mu'min, but they filed answers to the Complaint, and no motion to dismiss is pending before the Court as to those Defendants.

In Count 1, Plaintiff alleges he was "engaged in First Amendment-protected activity on public property" and, "[a]s a result of these activities, and in retaliation for the activities, the Individual Defendants forcefully arrested, detained, stole property from, denied medical care for, and conspired together [against Plaintiff]." *Id.* ¶¶ 96–97. Plaintiff states that these actions were "adverse" and "done for the improper purpose of deterring or discouraging" him from "engaging in First Amendment-protected activities," concluding that the "Individual Defendants' adverse actions" violated his First Amendment rights. *Id.* ¶¶ 99–102.

To state a claim for First Amendment retaliatory arrest under § 1983, a plaintiff must demonstrate: (1) he engaged in protected First Amendment activity, (2) the defendant "took an adverse action that would chill a person of ordinary firmness from continuing in that protected activity," (3) the defendant's retaliatory animus was the but-for cause of the plaintiff's injury, and (4) "the defendant lacked probable cause or arguable probable cause to arrest." *Nieters v. Holtan*, 83 F.4th 1099, 1110 (8th Cir. 2023).

Here, Plaintiff fails to identify any but-for cause of his injury or any retaliatory animus, much less how Defendants' alleged conduct was retaliatory in the first place. Instead, he states mere legal conclusions—that "Individual Defendants" retaliated against him in violation of the First Amendment and their "adverse actions . . . were done for the improper purpose of deterring or discouraging" First Amendment-protected activities. (Doc. 1 ¶ 101).

**B. Counts 2 and 3**

In Count 2, Plaintiff alleges that "Individual Defendants seized, restrained, arrested, and detained" Plaintiff by using force, handcuffing him, and detaining him. *Id.* ¶ 107. Plaintiff alleges "there were no articulable facts that would support any reasonable suspicion or probable cause" that he had violated an ordinance and, therefore, "Individual Defendants . . . knew they did not

have reasonable suspicion or probable cause to arrest" Plaintiff. *Id.* ¶¶ 110–11. In Count 3, Plaintiff alleges much the same: "Individual Defendants seized, restrained, arrested, and detained [Plaintiff] against his will" and "without reasonable suspicion or knowledge of any particularized, articulable facts . . . ." (Doc. 1 ¶¶ 117, 119). Accordingly, the Court analyzes Counts 2 and 3 together.

A false arrest claim under § 1983 "relies on a substantive Fourth Amendment right to be free from unreasonable searches and seizures." *Sastry v. City of Crestwood*, No. 4:10-cv-215-SNLJ, 2011 WL 2938163, at *11 (E.D. Mo. July 19, 2011). To state a claim for false arrest, a plaintiff must demonstrate "the seizure was unreasonable." *Davis v. Dawson*, 33 F.4th 993, 997 (8th Cir. 2022). A seizure is unreasonable if it is not supported by probable cause. *Id.* at 998. Probable cause for a seizure exists "if the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual [seized] had committed . . . an offense at the time of the [seizure]." *Pitts v. City of Cuba*, 913 F. Supp. 2d 688, 713–14 (E.D. Mo. 2012) (internal citations and quotations omitted).

Here, while Plaintiff protests that Defendants lacked probable cause to arrest him for assault, he fails to articulate how probable cause was lacking at the time of his arrest for the ordinance violations with which he was charged. Rather, he simply draws the legal conclusions that the Defendants were "without knowledge of any articulable fact" and were "without probable cause that [Plaintiff] had committed or was committed [sic] a crime . . . ." (Doc 1. ¶¶ 119–20); *see also id.* ¶¶ 109–10.

### C. Count 5

In Count 5, Plaintiff states Defendants violated the Fourth and Fourteenth Amendments by denying medical care "with deliberate indifference." *Id.* ¶ 145. Plaintiff states the Individual Defendants' "actions made [Plaintiff]'s serious medical needs worse when they used excessive

force, . . . handcuff[ed him] for hours, placed him in an uncomfortable cell, and had him sit on the bumper of a paddy wagon." *Id.* ¶ 146.

To state a claim for deliberate indifference, a plaintiff must adequately allege "an official . . . consciously disregard[ed] a known and 'objectively serious medical need.'" *Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 360 (8th Cir. 2023) (internal citations omitted). "A serious medical need is one diagnosed by a physician or 'so obvious that even a layman would recognize [it]." *Id.* "[T]he disregard for [a medical need] must rise to the level of criminal indifference." *Id.*

Here, Plaintiff essentially draws the conclusion that the "Individual Defendants, with deliberate indifference, failed to provide adequate help to [Plaintiff]." (Doc. 1 ¶ 145). More importantly, Plaintiff concedes that Defendants *did* arrange medical care by arranging an ambulance to "transport[] [him] to Saint Louis University Hospital." *Id.* ¶ 82. Thus, Plaintiff fails to allege Defendants were deliberately indifferent to his medical need.

**D. Count 7**

In Count 7, Plaintiff alleges "Individual Defendants conspired and acted together" in violation of Plaintiff's constitutional rights. *Id.* ¶ 168. Plaintiff further alleges that "[s]ome Individual Defendants engaged in overt acts in furtherance of their conspiracy, including arresting and detaining" Plaintiff and that the "Individual Defendants had a mutual understanding to retaliate against [Plaintiff]." *Id.* ¶¶ 170–71.

To state a claim for conspiracy to violate civil rights pursuant to § 1983, a plaintiff must allege: "(1) that the defendant conspired . . . to deprive [the plaintiff of] hi[s] constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the

conspiracy; and (3) that the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008).

Here, Plaintiff simply concludes that "[t]he Individual Defendants had a mutual understanding," "conspired and acted together," and that "[s]ome Individual Defendants engaged in overt acts in furtherance of the conspiracy." (Doc. 1 ¶¶ 168, 170, 171). Plaintiff fails to otherwise allege that Defendants conspired to deprive him of his constitutional rights.

For these reasons, Counts 1, 2, 3, 5, and 7 fail to state a claim and will be dismissed as to the moving Defendants.

### III. Default Judgment

Also pending before the Court is Plaintiff's Motion for Default Judgment Against Defendant Bastain. (Doc. 90). To decide that Motion, the Court must assess "whether the unchallenged facts constitute a legitimate cause of action." *See Murray*, 595 F.3d at 871 (internal citations and quotations omitted). For the reasons already explained at length *supra*, namely that Plaintiff's Complaint is a shotgun pleading and otherwise fails to state a claim, this Court will deny Plaintiff's Motion for Default Judgment and dismiss the Complaint as to Defendant Bastain.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Vonderheydt, Bayless, Bockskopf, and Hardesty's Motion to Dismiss (Doc. 23) is **GRANTED**. Defendants Bockskopf and Hardesty also are dismissed pursuant to Plaintiff's request in his Omnibus Memorandum in Opposition to Defendants' Motions to Dismiss. (Doc. 79 at 2).

**IT IS FURTHER ORDERED** that Defendants Allen, Bond, Jones, and Pipes' Motion to Dismiss (Doc. 37) is **GRANTED**. Defendant Pipes also is dismissed pursuant to Plaintiff's request in his Omnibus Memorandum in Opposition to Defendants' Motions to Dismiss. (Doc. 79 at 2).

**IT IS FURTHER ORDERED** that Defendant Stayton's unopposed Motion to Dismiss (Doc. 43) is **GRANTED**. Defendant Stayton also is dismissed pursuant to Plaintiff's request in his Omnibus Memorandum in Opposition to Defendants' Motions to Dismiss. (Doc. 79 at 2).

**IT IS FURTHER ORDERED** that Defendant Treis's Motion to Dismiss (Doc. 56) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Mayes is dismissed pursuant to Plaintiff's request in his Omnibus Memorandum in Opposition to Defendants' Motions to Dismiss. (Doc. 79 at 2).

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Default Judgment Against Defendant Bastain (Doc. 90) is **DENIED**, and Defendant Bastain is dismissed as a defendant.

So ordered this 19th day of August 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE